IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

EARNEST LEE MAXWELL, #002271448       §

VS.                                   §                CIVIL ACTION NO. 6:19cv439

HODGE UNIT                            §

## REPORT AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Plaintiff Earnest Lee Maxwell, proceeding *pro se*, filed this federal case alleging a violation of 42 U.S.C. § 1983.  The case was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the petition.

On October 25, 2019, the undersigned issued a deficiency order directing Plaintiff to either submit the requisite $400.00 filing fee or submit an application to proceed *in forma pauperis*, along with a certified *in forma pauperis* data sheet, within thirty days. The order warned Plaintiff that the failure to comply may result in the dismissal of the case. A copy of this order was sent to Plaintiff at his last known address.  The Court received an acknowledgment of receipt card revealing that Plaintiff received the order on October 29, 2019.  To date, however, Plaintiff has not submitted the filing fee or an application to proceed *in forma pauperis*.

A district court may dismiss an action for the failure of a litigant to prosecute or to comply with any order of the court.  Fed. R. Civ. P. 41(b); *see also McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) ("The court possesses the inherent authority to dismiss the action *sua sponte*, without motion by a defendant."); *Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (explaining that a habeas petition may be dismissed pursuant to Rule 41(b)). Further, the district court has both specific and inherent power to control its own docket "to control the disposition of

1

the causes on its docket with economy of time." *See U.S. v Colomb*, 419 F.3d 292, 299 (5th Cir. 2005); *see also Miller v. Thaler*, 434 F. App'x 420, 421 (5th Cir. 2011) (unpublished).

Here, Plaintiff failed to comply with the order directing him to either submit the filing fee or an application to proceed *in forma pauperis*. Dismissal with prejudice for failure to prosecute or to comply an order of the Court is an extreme sanction that should be employed only when "the plaintiff's conduct has threatened the integrity of the judicial process [in a way that] leav[es] the Court no choice but to deny that plaintiff its benefit." *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988) (citing *Rogers v. Kroger Co.*, 669 F.2d 317, 321 (5th Cir. 1982)). A court should consider lesser sanctions, such as fines, costs, damages, conditional dismissals, and dismissal without prejudice, among other lesser measures, prior to dismissing an action with prejudice. *McNeal*, 842 F.2d at 793.

Plaintiff's failure to comply with an order is not an action that threatens the judicial process—thereby rendering a dismissal with prejudice unwarranted. Therefore, upon consideration of all relevant factors, the Court has determined that the interests of justice are best served by a dismissal of this case without prejudice.

<u>RECOMMENDATION</u>

Accordingly, it is recommended that the above-styled action be dismissed, without prejudice, for Plaintiff's failure to comply with an order of the Court.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and

2

recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

So ORDERED and SIGNED this 24th day of March, 2022.

K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE